No. 98,103

In the Matter of IRWIN S. TRESTER, *Respondent*.

(172 P.3d 31)

Opinion filed December 7, 2007.

*Frank D. Diehl*, deputy disciplinary administrator, argued the cause and was on the brief for petitioner.

*Gregory A. Lee*, of Cooper & Lee, L.L.C., of Topeka, argued the cause and was on the brief for respondent, and *Irwin S. Trester*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the Disciplinary Administrator against respondent, Irwin S. Trester, an attorney admitted to the practice of law in Kansas in 1968. A hearing panel of the Kansas Board for the Discipline of Attorneys conducted a formal hearing, as required by Kansas Supreme Court Rule 211 (2006 Kan. Ct. R. Annot. 284).

The hearing panel concluded that Trester violated Kansas Rules of Professional Conduct (KRPC) as follows: KRPC 5.5(a) (2006 Kan. Ct. R. Annot. 494) (unauthorized practice of law); KRPC 8.4(b) and (c) (2006 Kan. Ct. R. Annot. 510) (misconduct). Additionally, Trester was held to have violated Kansas Supreme Court Rule 202 (2006 Kan. Ct. R. Annot. 239) (grounds for discipline). The hearing panel unanimously recommended that Trester be indefinitely suspended from the practice of law in the state of Kansas.

## Hearing Panel's Findings of Fact

This action arose out of Trester's practice of law in the state of California where he does not have a license. Despite his admission to the Kansas Bar, Trester never practiced law in the state of Kansas and returned to California and took the California Bar examination on four occasions. Trester never passed the California Bar examination but was not dissuaded and, for nearly 40 years, practiced law in California. His office was advertised as "Law Offices of Irwin Trester." Much of his work was limited to the federal practice in the areas of immigration and labor law. Trester testified

before the hearing panel that he was merely required to have a license to practice in some state, not necessarily in the same state where his office was located.

Friedman Bag Company (Friedman), a California company, retained Trester to represent it in the areas of labor and employment law. Trester never informed Friedman that he was not licensed to practice law in California. In 2002, Friedman sued both Trester individually and his business, the "Law Offices of Irwin Trester," in California Superior Court, alleging legal malpractice and fraud. The fraud claim was based on the fact that Trester represented Friedman without a license to do so.

In 2005, California prosecutors charged Trester with seven counts of grand theft, one count of possession of an assault weapon, and one count of unauthorized practice of law. The basis for the theft charges was Trester's acceptance of retainers without a license to practice law in the state of California. Trester subsequently entered a plea of no contest to three charges of felony theft and one charge of misdemeanor unauthorized practice of law. On October 26, 2005, the California court placed Trester on probation for 3 years and ordered him to perform 100 hours of community service, to pay restitution, and to refrain from practicing law in California. Then, in June 2006, the California court granted Trester's motion to reduce the felony convictions to misdemeanors under the California penal code.

## Hearing Panel's Conclusions of Law

Based upon the findings of fact, the hearing panel made several conclusions of law. The hearing panel cited Supreme Court Rule 202, which describes the effect of a criminal conviction on a person licensed to practice law in Kansas: "A certificate of a conviction of an attorney for any crime . . . shall be conclusive evidence of the commission of that crime . . . in any disciplinary proceeding instituted against said attorney based upon the conviction." 2006 Kan. Ct. R. Annot. 240. Based on this rule, the hearing panel concluded that Trester's three California theft convictions and one conviction of engaging in the unauthorized practice of law were conclusive evidence of his commission of those crimes.

Although the hearing panel did not mention the fact that Trester admitted violating KRPC 5.5(a) in his answer to the formal complaint, the panel did conclude the rule was violated. KRPC 5.5(a) states that a lawyer shall not "practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction." 2006 Kan. Ct. R. Annot. 494. Because Trester was convicted of engaging in the unauthorized practice of law in California, the hearing panel found him in violation of that rule.

The hearing panel found that Trester violated KRPC 8.4(b), which states: "It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." 2006 Kan. Ct. R. Annot. 510. Focusing again on Trester's three California theft convictions and one conviction of engaging in the unauthorized practice of law, the hearing panel concluded that theft and the unauthorized practice of law are crimes that reflect directly on his honesty and trustworthiness.

Finally, the hearing panel also found that Trester violated KRPC 8.4(c), which states: "It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." 2006 Kan. Ct. R. Annot. 511. The hearing panel concluded that Trester engaged in dishonest conduct when he held himself out as an attorney in California.

In deciding what discipline to recommend, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (1991). In applying Standard 3, the hearing panel considered the duty violated, the lawyer's mental state, the potential or actual injury caused by the misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to the legal profession to maintain his professional integrity.

"*Mental State.* The Respondent intentionally violated his duty.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to Friedman Bag Company.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Dishonest or Selfish Motive. Theft is a crime of dishonesty. Misleading a client into believing that you possess a license to practice law in California is also dishonest. Thus, the Respondent's misconduct was motivated by dishonesty and selfishness.

"A Pattern of Misconduct. The Respondent engaged in a pattern of misconduct when, over an extended period of time, he committed the crimes of theft and the unauthorized practice of law. As such, the Hearing Panel concludes that the Respondent engaged in a pattern of misconduct.

"Multiple Offenses. The Respondent violated KRPC 5.5, KRPC 8.4(b), and KRPC 8.4(c). Accordingly, the Hearing Panel concludes that the Respondent committed multiple offenses.

"Refusal to Acknowledge Wrongful Nature of Conduct. The Respondent refused to acknowledge the extent of the wrongful nature of his conduct.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1968. Therefore, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Illegal Conduct, Including that Involving the Use of Controlled Substances. The Respondent engaged in illegal conduct, and, as a result, was convicted of three counts of theft and one count of engaging in the unauthorized practice of law.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Prior Disciplinary Record. The Respondent has not previously been disciplined.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation. The Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct.

"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney. The Respondent enjoys the respect of his peers and clients and generally possesses a good character and reputation as evidenced by several letters received by the Hearing Panel.

"Imposition of Other Penalties or Sanctions. The Respondent was prosecuted for theft and for engaging in the unauthorized practice of law. As a result, the Respondent was placed on probation, ordered to perform community service work, and ordered to pay restitution. According to the Respondent, he is in compliance with the terms and conditions of his probation."

In addition to the above-cited factors, the hearing panel examined ABA Standard 4.62 regarding suspension after a lawyer knowingly deceives a client and causes injury or potential injury; Stan-

dard 5.11 regarding disbarment after a lawyer engages in serious criminal conduct including theft or in any other intentional conduct involving dishonesty, that seriously adversely reflects on the lawyer's fitness to practice; and Standard 7.2 regarding suspension after a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.

The Deputy Disciplinary Administrator recommended Trester be indefinitely suspended, and Trester requested published censure.

Trester filed exceptions to the final hearing report. His only exception to the hearing panel's findings of fact concerned the subject matter of the Friedman case. Trester stated he was retained by Friedman to handle "labor relation matters." Trester also took exception to the hearing panel's conclusions of law regarding his violation of KRPC 8.4(c). He further took exception to some of the aggravating factors and the hearing panel's recommendation of discipline.

## Analysis

In a disciplinary proceeding, this court considers the evidence, the findings of the hearing panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Comfort*, 284 Kan. 183, 190, 159 P.3d 1011(2007); *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003); Supreme Court Rule 211(f) (2006 Kan. Ct. R. Annot. 284).

This court views the findings of fact, conclusions of law, and recommendations made by the hearing panel as advisory only, but we give the final hearing report the same dignity as a special verdict by a jury or the findings of a trial court. Therefore, the hearing panel's report will be adopted where amply sustained by the evidence, but not where it is against the clear weight of the evidence. When the panel's findings relate to matters about which there was conflicting testimony, this court recognizes that the panel, as the trier of fact, had the opportunity to observe the witnesses and eval-

uate their demeanor. We do not reweigh the evidence or assess the credibility of witnesses. 284 Kan. at 190. Rather, this court examines any disputed findings of fact and determines whether clear and convincing evidence supports the panel's findings. *In re Kellogg*, 269 Kan. 143, 153, 4 P.3d 594 (2000). If so, the findings will stand. Moreover, it is not necessary to restate the entire record to show substantial competent evidence to support the hearing panel's findings. 269 Kan. at 153.

### I. Violation of KRPC 8.4(c)

First, Trester argues that clear and convincing evidence does not support the hearing panel's finding that he violated KRPC 8.4(c). KRPC 8.4(c) provides that "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." 2006 Kan. Ct. R. Annot. 511. Trester urges this court to reject the hearing panel's conclusion that he engaged in dishonest conduct when he held himself out as an attorney in California.

Rather than motivated by dishonesty, fraud, or deceit, Trester contends that his misconduct was motivated by the "mistaken belief" that he could hold himself out as an attorney because he was admitted to practice law in Kansas and had been admitted to practice law before the United States Supreme Court, the Ninth Circuit Court of Appeals, and the Tenth Circuit Court of Appeals. According to Trester, he has a "plausible explanation" justifying this mistaken belief.

Regarding this alleged "plausible explanation," Trester claims that before opening his California office, he solicited input from Los Angeles Attorney Ira Sherman, then head of the ethics division of the California Bar. In his testimony at the hearing, he indicated that the services he provided in California were consistent with the advice given to him by Sherman.

Before the hearing panel, Trester denied ever making any appearances as an attorney before the California Superior Court, Appellate Court, or Supreme Court, instead claiming that he only appeared in those courts as a mediator. Instead of appearing in a legal capacity in California state courts, Trester testified that he

made regular appearances in federal immigration courts and before administrative agencies. When asked, however, what percentage of his practice in the last 10 years has related to immigration law, Trester answered: "It's varied from 15 to 20 percent to 50 and sometimes 60 percent."

To add credence to his argument that he, in good faith, held himself out as an attorney, Trester notes in his brief that two previous ethics complaints filed against him were dismissed. First, Trester testified at the hearing that around 1980 an ethics complaint was filed in California based on Trester's holding himself out as an attorney. According to him, the claim was dismissed for lack of jurisdiction. Second, in 1996, a California attorney filed an ethics complaint against Trester, and the matter was referred to the office of the Kansas Disciplinary Administrator. The subject of the complaint involved Trester's negotiation of collective bargaining agreements and informal labor arbitration under the National Labor Relations Act. Because these particular acts did not consist of engaging in the unauthorized practice of law in California, the complaint was dismissed. Neither of these previous incidents appear to be relevant to the case at hand.

Trester contends that he never told anyone he was a member of the California Bar. But, as the petitioner points out, Trester admitted he never told Friedman that he was not licensed to practice law in California, nor did he place his state of licensure on his business cards or stationery. Trester, instead, advertised that he was an "attorney at law" in the "Law Offices of Irwin Trester," which gave the impression that he was authorized to practice law generally in that state. The petitioner argues that Trester's admission and actions show the intent to deceive. We agree.

Trester contends his situation is comparable to the one in *In re Kershner*, 250 Kan. 383, 827 P.2d 1189 (1992). Kershner was convicted of four felony violations of the Kansas Securities Act (2 counts of violating K.S.A. 17-1254 by offering for sale shares of stock of a corporation when he was not registered as a broker-dealer or agent and 2 counts of violating K.S.A. 17-1255 by offering for sale or selling shares of stock in a corporation when such security was not registered). 250 Kan. at 383-84. Kershner also failed

to file his attorney registration fees for the years 1985-90 when he was not practicing law. In addition, Kershner failed to appear before the hearing panel, later claiming he never received notice of the hearing. 250 Kan. at 386.

The *Kershner* hearing panel recommended disbarment, finding that respondent violated the Model Rules of Professional Conduct (MRPC) 8.4(b), (c), and (g). 250 Kan. at 387. This court found the fact that Kershner was convicted of four felony violations of the Kansas Securities Act was sufficient to show a violation of MRPC 8.4(b). We concluded: "[U]nder the facts present, Kershner's felony convictions cannot also be 'other conduct that adversely reflects on his fitness to practice law' and a violation of MRPC 8.4(g). There does not appear to be a violation of MRPC 8.4(c)." 250 Kan. at 388.

*Kershner* is distinguishable from the present case. Unlike this case, there is no indication Kershner held himself out as a broker or dealer and the criminal offenses did not include theft or the unauthorized practice of law. Additionally, Kershner had no victims to compensate. Here, Trester was ordered to pay restitution in the California theft cases. And the hearing panel found Trester caused actual injury to Friedman.

Trester contends that he wants to provide evidence by way of explaining his conduct, but it appears that he merely attempts to attack the California criminal theft convictions and unauthorized practice of law conviction. This attack is inappropriate on two fronts: (1) Trester admits he violated KRPC 8.4(b) which was based on his California conviction of the crime of unauthorized practice of law, and (2) Supreme Court Rule 202 and Kansas precedent do not permit us to look behind Trester's convictions. See *State v. Russo*, 230 Kan. 5, 8, 630 P.2d 711 (1981) (once conviction becomes final, it is conclusive upon this court; we will not look behind the conviction or attempt to weigh the evidence leading to the conviction). Further, "[a] final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state." Supreme Court Rule 202 (2006 Kan. Ct. R. Annot. 240).

Recently, in *In re Pyle*, 283 Kan. 807, 825, 156 P.3d 1231 (2007), this court acknowledged the fact that, in fewer than 50 cases, we have found attorneys guilty of violating KRPC 8.4(c) in its current form. See, *e.g.*, *In re Singleton*, 279 Kan. 515, 111 P.3d 630 (2005) (attorney misrepresented documents to judge; indefinite suspension); *In re Rock*, 279 Kan. 257, 105 P.3d 1290 (2005) (attorney converted client funds, abandoned clients, and committed other misconduct; disbarment). We have no qualms, however, saying that holding oneself out as an attorney in a state in which he or she has no license to practice law and giving the impression the attorney is authorized to practice law generally in that state engages in conduct that violates KRPC 8.4(c).

Clear and convincing evidence supports the panel's finding that Trester violated KRPC 8.4(c).

## II. Aggravating Factors

Next, Trester argues clear and convincing evidence does not support the hearing panel's findings regarding three of the six aggravating factors in the final hearing report.

At the outset, we note that neither this court nor the hearing panel is required, in an attorney disciplinary proceeding, to cite and discuss every potentially applicable ABA Standard. The ABA Standards serve only as guidelines to assist courts in selecting appropriate and uniform discipline, depending upon the facts and the aggravating and mitigating factors present in each case. *In re Ware*, 279 Kan. 884, 892-93, 112 P.3d 155 (2005).

### Dishonest or Selfish Motive

First, Trester contends the hearing panel incorrectly found his misconduct was motivated by dishonesty and selfishness. The panel stated: "Theft is a crime of dishonesty. Misleading a client into believing that you possess a license to practice law in California is also dishonest." Again, Trester argues that he held himself out as an attorney based on a good faith belief that he was allowed to do so for the "limited purpose of providing labor and immigration services."

This court has stated that theft is a crime of dishonesty. *In re Lucas*, 281 Kan. 692, 693-94, 132 P.3d 914 (2006) (criminal acts of forgery and theft reflected directly on respondent's honesty and trustworthiness in violation of KRPC 8.4[b]). Further, Trester misled Friedman by holding himself out as an attorney practicing in California. He advertised his business as the "Law Offices of Irwin Trester" and even named it so on a web page advertisement.

Clear and convincing evidence supports the panel's finding that Trester's conduct was motivated by dishonesty and selfishness.

### Refusal to Acknowledge Wrongful Nature of Conduct

Second, Trester contends the hearing panel incorrectly found that he refused to acknowledge the wrongful nature of his conduct. Trester points out that, as a mitigating factor, the panel found he showed a cooperative attitude. The panel stated: "The Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct."

In his brief, Trester admits he was wrong to hold himself out as an attorney when he was not licensed to practice law in California. This admission comports with the petitioner's statement regarding Trester's cooperation. Nevertheless, Trester's refusal to acknowledge the *wrongful nature* of his conduct is replete throughout the record and his brief.

Clear and convincing evidence supports the panel's finding that Trester refused to acknowledge the wrongful nature of his conduct.

### Illegal Conduct, Including that Involving the Use of Controlled Substances

Third, Trester contends the hearing panel incorrectly found that he engaged in illegal conduct which included the use of controlled substances. The panel stated: "The Respondent engaged in illegal conduct, and, as a result, was convicted of three counts of theft and one count of engaging in the unauthorized practice of law." Although the use of controlled substances was included in the caption, the panel never made a finding of drug use, nor were drugs ever mentioned in the formal complaint or at the hearing. Moreover, the petitioner acknowledges in its brief that the hearing panel

made no finding concerning the use of controlled substances. At oral argument, it was clarified that the heading was simply a statement of the ABA factor: "Illegal conduct, including that involving the use of controlled substances."

Trester is correct that there is no evidence of drug use in this case. Clear and convincing evidence supports the panel's finding only that Trester engaged in illegal conduct which resulted in convictions of three counts of theft and one count of engaging in the unauthorized practice of law.

### III. Recommendation of Indefinite Suspension

Trester contends the hearing panel's recommendation of indefinite suspension from the practice of law is too harsh. He argues that public censure would be an appropriate sanction for his misconduct.

We note that when an attorney has been convicted of a felony offense, this court, with very few exceptions, imposes either suspension or disbarment as a sanction. *In re Howlett,* 266 Kan. 401, 403, 969 P.2d 890 (1998); see also *In re Nelson,* 255 Kan. 555, 563, 874 P.2d 1201 (1994) (citing several cases of attorney sanctions following felony convictions); see also Supreme Court Rule 203(c) (2006 Kan. Ct. R. Annot. 243) (requiring temporary suspension pending final disciplinary action if respondent has been convicted of a felony). Trester pled guilty to three felony theft charges. In postjudgment proceedings, the felony convictions were reduced to misdemeanors under California Penal Code § 17(b)(3) (West 2006), which grants judges the discretion to reduce the crime classification. The basis for the request was to avoid the automatic termination of Trester's Kansas law license.

Pursuant to ABA Standard 3, the hearing panel considered the factors of the duty violated, Trester's mental state, the potential or actual injury caused by the respondent's misconduct, and the existence of aggravating and mitigating factors. Also, the panel considered these ABA Standards:

"Suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client." Standard 4.62.

"Disbarment is generally appropriate when:

"(a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt to conspiracy or solicitation of another to commit any of these offenses; or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice." Standard 5.11.

"Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system." Standard 7.2.

The hearing panel recognized that federal agencies and federal courts may regulate practitioners appearing in such venues without reference to state licensing requirements. See *Sperry v. State of Florida*, 373 U.S. 379, 385, 10 L. Ed. 2d 428, 83 S. Ct. 1322 (1963). The panel also recognized that at least one federal circuit court of appeals has held that a lawyer practicing only in federal court may maintain a law office without a state license. See *Surrick v. Killion*, 449 F.3d 520 (3rd Cir. 2006).

But the panel determined that these cases do not negate the fact that Trester has been convicted of the unauthorized practice of law. As correctly observed by the panel, if there was a defense to that charge, the time to have litigated the issue was during the California prosecution. Under Supreme Court Rule 202 (2006 Kan. Ct. R. 239), the time for Trester to litigate the issue has passed. Under our rules, we accept that Trester was engaged in the unauthorized practice of law.

Moreover, the fact that Trester can cite authority for his position that he was authorized to practice law in federal courts does not negate the fact that Trester's stationery, law office sign, and other representations to the public and to Friedman were deceptive indications that Trester could practice law in the state of California. The evidence was that Friedman was misled by these representations.

Trester urges this court to consider the facts that he has completed his community service requirements, paid the ordered restitution, and has fully cooperated with the Disciplinary Adminis-

trator. He further adds that he has no prior disciplinary record and is remorseful for his misconduct. Trester has changed his business stationery, business cards, and office sign so that they no longer advertise that he is an "attorney at law."

Trester requests published censure. ABA Standard 4.63 states: "Reprimand is generally appropriate when a lawyer negligently fails to provide a client with accurate or complete information, and causes injury or potential injury to the client."

Given the serious nature of this case—three counts of theft related to Trester's practice of law—and the length of time Trester's deceptive behavior played out, we conclude a period of suspension would be more appropriate. "*All* lawyers, by virtue of their licenses, enjoy the status of officers of the court. That status brings with it the responsibility to refrain from conduct unbecoming such officers, to uphold the rule of law, and to enhance public confidence in that rule and the legal system set up to safeguard it." *Pyle*, 283 Kan. at 829-30; see also *In re Moore*, 280 Kan. 971, 127 P.3d 270 (2006) (indefinite suspension; attorney's lack of diligence in client matters, failure to communicate with clients, conduct in making court appearances after her license had been suspended for failure to pay registration fee and annual continuing legal education fee, and failure to respond to lawful demands for information in attorney disciplinary proceedings); *In re Hunter*, 273 Kan. 1015, 46 P.3d 1199 (2002) (90-day suspension for engaging in authorized practice of law while respondent's license was suspended because of his failure to pay registration and CLE fees and to report CLE hours and failing to tell clients that his license was suspended); *cf. The Florida Bar v. Kaiser*, 397 So. 2d 1132 (1981) (New York attorney practiced immigration and naturalization matters out of Florida; injunction was issued to prohibit attorney from advertising in telephone books, on television and in newspapers, regarding availability as an attorney, with implication of authorization to practice law in state, which constituted unauthorized practice of law); *Attorney Grievance Com'n of Maryland v. Harris-Smith*, 356 Md. 72, 737 A.2d 567 (1999) (attorney who was admitted to bar of federal district court in the state, but not state bar, engaged in the unauthorized practice of law; 30-day suspension).

We note that, in effect, Trester has been suspended from the practice of law by the terms of his probation in the criminal case. According to the docket sheet submitted as an exhibit at the panel hearing, one of the conditions of probation imposed at the sentencing hearing on October 26, 2005, is that "the defendant is not to practice law in the State of California whatsoever." Because Trester has not been practicing law, a majority of the court concludes that making the suspension effective as of the date of the criminal sentence is appropriate.

IT IS THEREFORE ORDERED that Irwin Trester be and he is hereby indefinitely suspended from the practice of law in the state of Kansas. This order shall be retroactive to October 26, 2005.

IT IS FURTHER ORDERED that Irwin Trester shall comply with Supreme Court Rule 218 (2006 Kan. Ct. R. Annot. 314) and, if respondent seeks reinstatement, that he shall comply with Supreme Court Rule 219 (2006 Kan. Ct. R. Annot. 327); that he shall demonstrate that he knows, understands, and is willing to comply with the Kansas Supreme Court rules; and that he is competent to engage in the active and continuous practice of law in this state.

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that respondent pay the costs of these proceedings.

DAVIS, J., not participating.

MCANANY, J., assigned.