In the Supreme Court of the State of Kansas

No. 44,753

(418 P. 2d 141)

In the matter of the Accusation and Complaint made against Phillip S. Mellor by the State Board of Law Examiners.

ORDER OF CENSURE

On February 15, 1966, the State Board of Law Examiners filed its written report with this court, the substance thereof being—

That on or about June 16, 1965, one Phillip S. Mellor, of Wichita, a member of the bar of this court, entered his plea of guilty to count III of a three-count indictment in Case No. T-CR-741, in the United States District Court for the District of Kansas, charging him with the offense of wilfully and knowingly failing to file his income tax return for the calendar year 1962 on or before April 15, 1963, in violation of 26 U. S. C. 7203; that the said Phillip S. Mellor was by the court sentenced to imprisonment for a period of one year and to pay a fine of $1,000.00, and that execution of the sentence of imprisonment was suspended and he was placed on probation for a period of one year.

After consideration of the foregoing facts, which were brought to the attention of the Board in a report from the Ethics and Grievance Committee of the Wichita Bar Association, the Board, in regular meeting, found that Phillip S. Mellor has been guilty of violating the Canons of Professional Ethics (164 Kan. xi) numbers 29 and 32, in that he has failed to observe and abide by the statute law (Canon 32) and that he has failed to "uphold the honor and maintain the dignity of the profession" (Canon 29).

It was by the Board unanimously resolved that the matter of the violation of Canons 29 and 32 be reported to this court with the recommendation that this court "take such disciplinary action as it may see fit."

Upon receipt of the foregoing report this court granted to the said Phillip S. Mellor a reasonable time in which to file his written response. Such response was filed on March 25, 1966, and on June 14, 1966, respondent Mellor filed a brief in support thereof. In his response, respondent Mellor admits the violation in question and accepts full responsibility therefor. He seeks dismissal of this proceeding on the grounds that under the circumstances existing, the honor and dignity of the profession do not require disciplinary

action, and that this court determine that under the facts and circumstances he has been sufficiently punished—or that the matter be continued for a reasonable period in order to allow him to demonstrate by his exemplary conduct the lack of need for formal disciplinary action.

Upon consideration of the accusation and complaint, and of the written response thereto, respondent's motion to dismiss the proceeding and for a continuance is denied.

It is further found that respondent Mellor is guilty of violating the Canons of Professional Ethics numbers 29 and 32.

It is, therefore, by the court CONSIDERED, ORDERED and ADJUDGED that the said Phillip S. Mellor be, and he is hereby CENSURED by this court, and that this order be published in the official Kansas Reports.

It is further ordered and adjudged that the action taken by the court in this proceeding is not to be construed as a binding precedent in like cases for violations occuring on or after April 15, 1967.

By order of the court, dated this 19th day of September, 1966.