No. 98,963

In the Matter of PHILLIP A. BROOKS, *Respondent*.

(175 P.3d 256)

Opinion filed February 1, 2008.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

*J. R. Russell*, argued the cause and was on the formal complaint for the respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Phillip A. Brooks, of Kansas City, Missouri, an attorney admitted to the practice of law in Kansas. The formal complaint filed against the respondent alleged violations of Kansas Rules of Professional Conduct (KRPC) 8.4(b) (2007 Kan. Ct. R. Annot. 559) (misconduct).

A hearing was held before a panel of the Kansas Board for Discipline of Attorneys. Upon the conclusion of the hearing, the panel made the following findings of fact and conclusions of law together with its recommendations to this court:

## "FINDINGS OF FACT

"The Hearing Panel finds the following facts, by clear and convincing evidence:

"1.  Phillip A. Brooks (hereinafter 'the Respondent') is an attorney at law, Kansas Attorney Registration No. 16399. His last registration address with the Clerk of the Appellate Courts of Kansas is . . . Kansas City, Missouri. . . . The Missouri Supreme Court admitted the Respondent to the practice of law in 1993. The Kansas Supreme Court admitted the Respondent to the practice of law in 1994.

"2.  [In] March 2005, the United States Attorney filed an Information in the United States District Court for the Western District of Missouri. . . . [T]he Respondent was charged with willfully failing to pay income taxes for tax year 2000 to the Internal Revenue Service in violation of 26 U.S.C. § 7203, class A misdemeanor.

"3.  When he learned that he was going to be charged criminally, the Respondent self-reported the misconduct to the disciplinary authorities in Kansas and Missouri.

"4.  On October 31, 2005, the Respondent entered a plea of guilty to the criminal charge. The Court placed the Respondent on probation for a period of

three years. The amount of unpaid tax at issue was $29,198.00. The Respondent has paid the outstanding tax obligation as well as accrued interest and penalties.

"5.   On February 13, 2006, the Disciplinary Administrator's office received information from Kimberly Schmidt, a Disciplinary Assistant in Missouri, that the Respondent had been disciplined as a result of the misdemeanor conviction. In an Order dated January 31, 2006, the Missouri Supreme Court found that the Respondent violated Missouri Rules of Professional Conduct §§ 4-8.4(b), (c), and (d). The Missouri Supreme Court ordered that the Respondent's license to practice law be suspended. However, the Missouri Supreme Court placed the Respondent on probation. The Respondent's probation continues through February 1, 2009.

### "CONCLUSIONS OF LAW

"1.   Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 8.4(b), as detailed below.

"2.   'It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' KRPC 8.4(b). In this case, the Respondent admitted he committed a criminal act, specifically, failure to pay income taxes. Accordingly, the Hearing Panel concludes that the Respondent committed a criminal act and that criminal act reflects directly on the Respondent's honesty and trustworthiness, in violation of KRPC 8.4(b).

### "AMERICAN BAR ASSOCIATION
### STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to the public to maintain his personal integrity.

"*Mental State.* The Respondent knowingly violated his duty.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused potential harm to the public.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factor present:

"Illegal Conduct. The Respondent was convicted of failure to pay income taxes, a class A misdemeanor.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommen-

dation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Prior Disciplinary Record. The Respondent has not previously been disciplined in Kansas, Missouri, or federal court other than arising from his failure to pay his income taxes in 2000.

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"Timely Good Faith Effort to Make Restitution or to Rectify Consequences of Misconduct. The Respondent paid the outstanding income taxes as well as the accrued interest and penalties.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. The Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct.

"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney. The Respondent is an active and productive member of the bar in Kansas City, Missouri. He enjoys the respect of his peers and clients and generally possesses a good character and reputation as evidenced by several letters received by the Hearing Panel.

"Imposition of Other Penalties or Sanctions. The Respondent was convicted of failure to pay income taxes. As a result of the conviction, the Respondent was placed on probation for three years. Further, as to the Respondent's license to practice law in Missouri, the Respondent was placed on probation by the Missouri Supreme Court. Finally, the Respondent was disciplined by the United States District Court for the Western District of Missouri.

"Remorse. At the hearing on the Formal Complaint, the Respondent expressed genuine remorse.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.3.

## "RECOMMENDATION

"The Disciplinary Administrator recommended that the Respondent be censured and that the censure be published in the Kansas Reports. The Disciplinary Administrator also recommended that the Respondent be required to provide proof that he has filed and paid his state and federal taxes for tax years 2007 and 2008. Counsel for the Respondent joined the Disciplinary Administrator's recommendation that the Respondent be censured and that the censure be published.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be cen-

sured by the Kansas Supreme Court. The Hearing Panel further recommends that the censure be published in the Kansas Reports.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

The respondent does not contest the panel's findings, conclusions, or recommendation. This court has considered the final hearing report of the panel and the record on appeal and adopts the findings of fact, conclusions of law, and the recommendations of the panel. The findings and conclusions established by clear and convincing evidence that respondent violated KRPC 8.4(b).

IT IS THEREFORE ORDERED that respondent, Phillip A. Brooks, be and he is hereby disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (2007 Kan. Ct. R. Annot. 261) for violation of KRPC 8.4(b).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs herein be assessed to respondent.

DAVIS, J., not participating.

MCANANY, J., assigned.