No. 99,501

In the Matter of DALE E. LOVELACE, *Respondent*.

(182 P.3d 1244)

Opinion filed May 16, 2008.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the brief for the petitioner.

*Dale E. Lovelace*, respondent, argued the cause and was on the brief pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the Disciplinary Administrator against respondent, Dale E. Lovelace, an attorney admitted to the practice of law in Kansas in 1992. A hearing panel of the Kansas Board for the Discipline of Attorneys conducted a formal hearing, as required by Kansas Supreme Court Rule 211 (2007 Kan. Ct. R. Annot. 304).

The hearing panel concluded that Lovelace committed criminal acts and those criminal acts reflect directly on Lovelace's fitness as a lawyer in violation of Kansas Rules of Professional Conduct 8.4(b) (2007 Kan. Ct. R. Annot. 559) (misconduct). A majority of the hearing panel recommended that Lovelace be suspended from the practice of law in the state of Kansas for a period of 6 months. One member of the panel recommended probation. Lovelace filed exceptions to the final hearing report, arguing that the evidence as a whole supports the imposition of probation as a sanction. Before the hearing panel, the Disciplinary Administrator recommended 6 months' suspension. Subsequently, he altered his recommendation and, at the time of the hearing before the court, recommended placing Lovelace on disabled inactive status.

*Hearing Panel's Findings of Fact*

The hearing panel found that in 1996 and 1997, Lovelace filed his federal income tax returns, but he failed to pay the taxes owed. In 1998, 1999, 2000, 2001, and 2002, Lovelace failed to file tax returns and failed to pay his taxes. Currently, Lovelace owes approximately $250,000 in taxes, interest, and penalties.

On September 13, 2005, the United States charged Lovelace with committing a misdemeanor crime by violating 26 U.S.C. § 7203 (2000), in that he failed to pay income taxes for 2000. Lovelace pled guilty in October 2005. On April 7, 2006, the federal court sentenced Lovelace to serve 12 months' imprisonment. Lovelace served his full prison sentence and has been released.

On April 28, 2006, the Missouri Supreme Court suspended Lovelace from the practice of law. He became eligible to apply for reinstatement in Missouri on April 28, 2008.

### Hearing Panel's Conclusions of Law

Based upon the findings of fact, the hearing panel concluded as a matter of law that Lovelace violated KRPC 8.4(b), which states that "[i]t is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." 2007 Kan. Ct. R. Annot. 559. The panel noted that Lovelace was convicted of a misdemeanor offense of failing to pay his taxes, and he repeatedly failed to file his income tax returns and pay his income taxes. Accordingly, the hearing panel concluded that Lovelace committed criminal acts and those criminal acts reflect directly on Lovelace's fitness as a lawyer in other respects, in violation of KRPC 8.4(b).

### Factors Relating to Appropriate Sanction

In deciding what discipline to recommend, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (1991). In applying Standard 3, the hearing panel considered the duty violated, the lawyer's mental state, the potential or actual injury caused by the misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated*. The Respondent violated his duty to the legal profession to maintain personal integrity.

"*Mental State*. The Respondent knowingly violated his duty.

"*Injury*. As a result of the Respondent's misconduct, the Respondent caused actual harm to the legal profession.

"*Aggravating or Mitigating Factors*.

"Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommen-

dation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent was disciplined in the State of Missouri for the same misconduct. Additionally, in 1993, the Missouri disciplinary authorities admonished the Respondent for having direct contact with prospective clients. Finally, in 2002, the Missouri disciplinary authorities admonished the Respondent for failing to provide diligent representation and adequate communication in two cases. The Hearing Panel considered this prior discipline but found it to be remote in time and/or in character from this proceeding.

"Dishonest or Selfish Motive. It is selfish to fail to pay income taxes.

"A Pattern of Misconduct. The Respondent engaged in a pattern of misconduct when he repeatedly failed to file his personal income tax returns and repeatedly failed to pay his income taxes. Accordingly, the Respondent engaged in a pattern of misconduct.

"Illegal Conduct. The Respondent engaged in illegal conduct by failing to file his income tax returns and by failing to pay his income taxes.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. The Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct.

"Inexperience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1992. At the time the Respondent's misconduct began, the Respondent had been practicing law for a period of four years. Accordingly, the Hearing Panel concludes that Respondent was inexperienced in the practice of law at the time he engaged in the misconduct.

"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney. The Respondent is an active and productive member of the bar in Kansas City, Missouri. He enjoys the respect of his peers and clients and generally possesses a good character and reputation.

"Imposition of Other Penalties or Sanctions. Other penalties and sanctions have been imposed against the Respondent. The Respondent spent one year in prison as a result of the misdemeanor conviction.

"Remorse. At the hearing on the Formal Complaint, the Respondent expressed genuine remorse."

## ANALYSIS

In a disciplinary proceeding, this court considers the evidence, the findings of the hearing panel, and the arguments of the parties

and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Trester*, 285 Kan. 404, 408, 172 P.3d 31 (2007); *In re Comfort*, 284 Kan. 183, 190, 159 P.3d 1011(2007); Supreme Court Rule 211(f) (2007 Kan. Ct. R. Annot. 304).

This court views the findings of fact, conclusions of law, and recommendations made by the hearing panel as advisory only, but we give the final hearing report the same dignity as a special verdict by a jury or the findings of a trial court. Therefore, the hearing panel's report will be adopted where amply sustained by the evidence, but not where it is against the clear weight of the evidence. When the panel's findings relate to matters about which there was conflicting testimony, this court recognizes that the panel, as the trier of fact, had the opportunity to observe the witnesses and evaluate their demeanor. We do not reweigh the evidence or assess the credibility of witnesses. 285 Kan. at 408. Rather, this court examines any disputed findings of fact and determines whether clear and convincing evidence supports the panel's findings. *In re Kellogg*, 269 Kan. 143, 153, 4 P.3d 594 (2000). If so, the findings will stand. Moreover, it is not necessary to restate the entire record to show substantial competent evidence to support the hearing panel's findings. 269 Kan. at 153.

## *Exceptions*

Lovelace takes exception to the hearing panel's finding with respect to "A Pattern of Misconduct," arguing the final hearing report does not reflect Lovelace's testimony that he made failed attempts to remedy his tax problems by playing the stock market. He apparently does not dispute, however, that clear and convincing evidence supports the hearing panel's finding that he engaged in a pattern of misconduct. Lovelace's testimony indicated that in 1998 or 1999, he lost $40,000 to $50,000 to stock market investing. Then in 2000, Lovelace attempted to play the stock market again but lost approximately triple the amount he had lost previously. At the hearing, however, Lovelace acknowledged that, if he had paid

the large sums of money towards his taxes instead of playing the stock market, he would not be in this "situation."

With respect to the hearing panel's findings regarding Lovelace's "Previous Good Character and Reputation in the Community," he takes exception to the panel's failure to specifically mention his work in the Kansas City area community for the "past 13 years." Lovelace further complains that the panel neither mentioned nor considered a particular letter of support. We note that the panel recognized that Lovelace "enjoys the respect of his peers and clients and generally possesses a good character and reputation." Implicit in this statement is that the panel considered Lovelace's good character evidence, including letters which mentioned his community service.

In addition, with respect to the hearing panel's findings regarding the "Imposition of Other Penalties or Sanctions," Lovelace takes exception to the hearing panel's failure to mention that his 1-year prison sentence on a first-time misdemeanor offense "was unprecedented" compared to other attorneys who have faced similar charges. Lovelace argues the other sanctions and penalties levied upon him were more than sufficient to deter further similar conduct. Lovelace testified that three other attorneys in the Kansas City area have been convicted of tax crimes and none received jail time. Included among those attorneys were two of Lovelace's former law partners. Regardless, the hearing panel clearly considered Lovelace's prison time to be a mitigating factor.

Clear and convincing evidence supports the panel's finding that Lovelace violated KRPC 8.4(b). We adopt these findings and conclude that Lovelace violated KRPC 8.4(b). In addition, we find clear and convincing evidence supports the panel's findings concerning the duty he violated, his mental state, the injury caused by his actions, and the aggravating and mitigating factors.

*Sanction*

In addition to the above-cited factors, the hearing panel examined American Bar Association Standard 5.12 regarding suspension when a lawyer knowingly engages in criminal conduct which seriously adversely reflects on the lawyer's fitness to practice and Stan-

dard 5.13 regarding reprimand when a lawyer knowingly engages in other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.

The Disciplinary Administrator recommended that Lovelace be suspended from the practice of law in the state of Kansas for a period of 6 months. Lovelace asked that his plan of probation be adopted.

A majority of the hearing panel concluded that probation is not appropriate in this case. Specifically, the majority concluded that Lovelace's probation plan is not sufficient, that probation cannot correct the misconduct in this case, that Lovelace failed to put his plan into effect, and that placing Lovelace on probation is not in the best interests of the legal profession and the citizens of the state of Kansas.

One member of the panel opined that Lovelace has been sufficiently disciplined for failing to file and pay his income taxes. Further, in the view of the minority member, Lovelace has complied with the probation plan requirements of Kansas Supreme Court Rule 211(g) (2007 Kan. Ct. R. Annot. 304). The minority member further opined that Lovelace's misconduct can be corrected by probation and that placing him on probation is in the best interests of the legal profession and the citizens of the state of Kansas.

Lovelace takes exception to the hearing panel majority's suggested discipline of 6 months' suspension from the practice of law. When he originally filed exceptions, Lovelace contended that the weight of the evidence supported the imposition of probation, not suspension. He still requests probation, but his circumstances have changed.

Lovelace asserts that since September 2007, he has been diagnosed with "occupational and single episode depression," takes three daily medications for depression, and attends weekly therapy sessions with Dr. Lester Blue, a clinical psychologist. Dr. Blue has determined that Lovelace should not practice law at this time due to his condition. Lovelace, it appears, has agreed to follow Dr. Blue's medical advice.

Lovelace asserts that, since he was diagnosed in September 2007, he has not actively retained any new clients and has referred all existing clients, except one, to other attorneys. Lovelace contends that it has been difficult to find an attorney to take his remaining client due to the sensitive nature of the client's claim, but he is seeking replacement counsel. Lovelace also represents that he is seeking disability benefits.

Because of these changed circumstances, the Disciplinary Administrator modified his recommendation and now recommends placing Lovelace on disabled inactive status pursuant to Supreme Court Rule 208(a) (2007 Kan. Ct. R. Annot. 298).

Given the nature of the conduct and Lovelace's admitted present inability to practice law, we conclude indefinite suspension from the practice of law is the appropriate discipline to be imposed.

IT IS THEREFORE ORDERED that Dale E. Lovelace be and he is hereby indefinitely suspended from the practice of law in the state of Kansas, effective the date of this opinion and until further order of this court, in accordance with Supreme Court Rule 203(a)(2) (2007 Kan. Ct. R Annot. 261).

IT IS FURTHER ORDERED that Dale E. Lovelace shall comply with Supreme Court Rule 218 (2007 Kan. Ct. R. Annot. 337).

IT IS FURTHER ORDERED that Dale E. Lovelace may seek reinstatement 6 months after the date of this order or anytime thereafter notwithstanding the provisions of Supreme Court Rule 219(e) (2007 Kan. Ct. R. Annot. 350). If Lovelace seeks reinstatement, he shall comply with the provisions of Rule 219. As part of the reinstatement procedure, the Disciplinary Administrator may require an evaluation by a health care provider chosen by the Disciplinary Administrator in order to determine if respondent is mentally and physically competent to engage in the active and continuous practice of law in this state.

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that respondent pay the costs of these proceedings.

BEIER, J., not participating.

MALONE, J., assigned.