No. 99,502

In the Matter of MICHAEL K. SHEAHON, *Respondent*.

(182 P.3d 1263)

Opinion filed May 16, 2008.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Michael K. Sheahon, of Salina, Kansas, an attorney admitted to the practice of law in Kansas. The formal complaint filed against the respondent alleged violation of Kansas Rule of Professional Conduct (KRPC) 8.4. The respondent did not file a written answer to the formal complaint. Respondent was contacted, acknowledged being notified of the proceeding before this court, and advised that since he had taken no exceptions with the final hearing report he did not feel he needed to appear.

A hearing was held before a panel of the Kansas Board for Discipline of Attorneys. Although the respondent did not file a written answer to the formal complaint, he did appear in person. Upon the conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendations to this court:

## "FINDINGS OF FACT

The Hearing Panel finds the following facts, by clear and convincing evidence:
"1.    Michael K. Sheahon (hereinafter 'the Respondent') is an attorney at law, Kansas Attorney Registration No. 11348. His last registration address with the Clerk of the Appellate Courts of Kansas is . . . Salina, Kansas. . . . The Respondent was admitted to the practice of law in the State of Kansas in September, 1982.
"2.    The Respondent failed to file state and federal income tax returns for the tax years 1995, 1996, 1997, 1998, 1999, 2000, and 2001. Since 2002, the Respondent has filed state and federal income tax returns. Despite the fact that the

Respondent filed his state and federal income tax returns for tax years 2002 through 2005, he has outstanding tax liability for those years.

"3.    On December 29, 2004, the Respondent was indicted in the United States District Court for the District of Kansas with four misdemeanor counts of failing to file an income tax return in violation of 26 U.S.C. § 7203.

"4.    On August 16, 2005, the Respondent entered a plea of guilty to one count of failing to file an income tax return for 1998. The United States dismissed the remaining three counts.

"5.    On August 17, 2005, the Respondent self-reported that he entered a plea of guilty to the misdemeanor charge.

"6.    On December 12, 2005, the Court sentenced the Respondent to a term of probation for a period of three years. As part of the probation order, the Court imposed the following special condition on the Respondent:

'The defendant shall file truthful and complete federal and state income tax returns in a timely manner, according to law, and cooperate with the Internal Revenue Service and state taxing authorities regarding any matter related to the defendant's past or present tax liability during the term of supervision.'

"7.    On March 21, 2007, Brooke M. Paulson, United States Probation Officer, filed a petition for warrant or summons for offender under supervision. In the petition, Ms. Paulson alleged that the Respondent failed to file his tax returns since 1995, that the Respondent failed to meet with an IRS agent as requested, that he failed to contact the IRS to resolve the outstanding debts, and that he failed to provide monthly income documentation to the probation department as directed. Thereafter, the Court issued a warrant for the Respondent's arrest. Following his arrest, the Respondent served four days in jail. The Court's release of the Respondent was conditioned on the Respondent's compliance with the original conditions of his probation.

"[8].    On July 25, 2007, a hearing was set to hear evidence regarding whether the Respondent's probation should be revoked. On that date, the revocation proceedings against the Respondent were dismissed when evidence was produced that the Respondent was then in compliance with the conditions of his probation.

"[9].    According to the Respondent, the Respondent owes more than $200,000.00 in outstanding taxes, penalties, and interest.

## "CONCLUSIONS OF LAW

"1.    Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 8.4(b) [2007 Kan. Ct. R. Annot. 559] and Kan. Sup. Ct. R. 211(b) [2007 Kan. Ct. R. Annot. 304], as detailed below.

"2.    'It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' KRPC 8.4(b). In this case, the Respondent was convicted of failing to file an income tax return. Accordingly, the Hearing Panel concludes that the Respondent committed criminal acts and those criminal acts reflect di-

rectly on the Respondent's fitness as a lawyer in other respects, in violation of KRPC 8.4(b).

"3.   The Kansas Supreme Court Rules require attorneys to file Answers to Formal Complaints. Kan. Sup. Ct. R. 211(b) provide[s] the requirements:

'The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

In this case, the Respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a written Answer to the Formal Complaint. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b).

## "AMERICAN BAR ASSOCIATION
## STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated*. The Respondent violated his duty to the legal profession to maintain his personal integrity.

"*Mental State*. The Respondent knowingly violated his duty.

"*Injury*. As a result of the Respondent's misconduct, the Respondent caused actual harm to the legal profession.

"*Aggravating or Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. In 2004, the Kansas Supreme Court censured the Respondent for having violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 1.16, KRPC 8.1, Kan. Sup. Ct. R. 207(b), and Kan. Sup. Ct. R. 211(b).

"Selfish Motive. It is selfish to fail to pay income taxes.

"A Pattern of Misconduct. From 1995 through 2001, the Respondent failed to file income tax returns and failed to pay income taxes. Accordingly, the Respondent engaged in a pattern of misconduct.

"Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process. The Respondent knew that he was required to provide a written Answer to the Formal Complaint—in the Respondent's previous disciplinary case, the Court concluded that the Respondent violated Kan. Sup. Ct. R. 211(b) for failing to file a written Answer to the Formal Complaint. Despite having been previously found to have failed to file a written Answer to the Formal Complaint, the Respondent failed to do so a second time.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1982. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for many years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Illegal Conduct. The Respondent engaged in illegal conduct by repeatedly failing to file state and federal income tax returns. As a result, the Respondent was convicted of a misdemeanor. The Respondent also failed to pay his taxes for a number of years.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Personal or Emotional Problems if Such Misfortunes have Contributed to a Violation of the Kansas Rules of Professional Conduct. During the time the Respondent's written Answer to the Formal Complaint was due, the Respondent's former wife unexpectedly died. The Respondent's misfortune may have contributed to his failure to file a written Answer to the Formal Complaint.

"Imposition of Other Penalties or Sanctions. The Respondent is currently on probation for his criminal conviction.

"Remorse. The Respondent expressed remorse at the hearing on this matter.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice. Standard 5.12.

'Reprimand is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud[,] deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.' Standard 5.13.

## "RECOMMENDATION

"The Disciplinary Administrator recommended that the Respondent be suspended from the practice of law in the State of Kansas for a period of one year. The Respondent recommended that he [be] censured by the Kansas Supreme Court.

"In this case, the aggravating factors clearly outweigh the mitigating factors. Additionally, the Hearing Panel considered the fact that the Respondent failed to comply with his federal probation. As a result, the Hearing Panel unanimously recommends that the Respondent be suspended for a period of one year from the practice of law in the State of Kansas.

"Following the one year suspension, the Hearing Panel further recommends that the Kansas Supreme Court not reinstate the Respondent's license to practice law in the State of Kansas until Respondent establishes that he has complied with the following four terms: First, the Respondent shall comply with the conditions of probation in the criminal case, including payment of $1,000.00 per month to the IRS for the back taxes from the date of this report until reinstatement. Second, the Respondent shall timely file and pay his 2006 and his 2007 income taxes. Third, the Respondent shall calculate and pay quarterly income taxes from the date of this report until reinstatement. Finally, the Respondent shall obtain or maintain professional liability insurance or shall establish *bona fide* attempts to obtain professional liability insurance."

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing and satisfactory evidence. *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003); see Supreme Court Rule 211(f) (2007 Kan. Ct. R. Annot. 304). Although our rules require respondent to be present for disciplinary hearings, respondent elected not to appear.

However, respondent filed a statement with the Clerk of the Appellate Courts stating that he does not take exception with the panel's final hearing report set forth above. Thus, the hearing panel's final report is deemed admitted. Supreme Court Rule 212(c) (2007 Kan. Ct. R. Annot. 317).

We conclude the panel's findings of fact are supported by clear and convincing evidence and support the panel's conclusions of law, and we adopt those findings and conclusions. With respect to the discipline to be imposed, the panel's recommendation that the respondent be suspended from the practice of law in Kansas for a period of 1 year subject to recommended conditions is advisory only and shall not prevent the court from imposing a different discipline. Supreme Court Rule 212(f).

We have reviewed the panel's recommendations for discipline together with the recommended conditions for respondent's reinstatement to the practice of law in this state. A majority of this court is of the opinion that a more appropriate discipline in this case is indefinite suspension from the practice of law in Kansas.

The recommended conditions by the panel are not adopted because this court is convinced that should respondent seek reinstatement, Supreme Court Rule 219 (2007 Kan. Ct. R. Annot. 350) adequately serves to protect the public. The majority opinion is further supported by respondent's failure to appear and participate in the scheduled hearing before this court. A minority of the court would impose a lesser discipline.

IT IS THEREFORE ORDERED that respondent, Michael K. Sheahon, be and he is hereby indefinitely suspended from the practice of law in the state of Kansas, effective on the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2007 Kan. Ct. R. Annot. 261).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2007 Kan. Ct. R. Annot. 337), and in the event respondent would seek reinstatement, he shall comply with Supreme Court Rule 219 (2007 Kan. Ct. R. Annot. 350).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the cost herein be assessed to respondent.

NUSS, J., not participating.

MARQUARDT, J., assigned.