No. 100,217

In the Matter of ANDREW E. BUSCH, *Respondent.*

(194 P.3d 12)

Opinion filed October 17, 2008.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

*Stephen M. Joseph,* of Joseph & Hollander, P.A., Wichita, argued the cause, and *Andrew E. Busch,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Andrew E. Busch, of Bentonville, Arkansas, an attorney admitted to the practice of law in Kansas.

The formal complaint filed against the respondent alleged a violation of Kansas Rule of Professional Conduct (KRPC) 8.4(b) (2007 Kan. Ct. R. Annot. 559) (commission of a criminal act). A hearing was held before a panel of the Kansas Board for Discipline of Attorneys, where the respondent was both personally present and represented by counsel. Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"FINDINGS OF FACT

"The Hearing Panel finds the following facts, by clear and convincing evidence:

"1. Andrew E. Busch (hereinafter 'the Respondent') is an attorney at law . . . . His last registration address with the Clerk of the Appellate Courts of Kansas is . . . Bentonville, Arkansas. . . . The Respondent was admitted to the practice of law in the State of Kansas on September 12, 1975.

"2. From 1994 through 2001, the Respondent failed to file and pay federal and state income taxes. In 2003, a representative from the Internal Revenue Service (hereinafter 'IRS') came to the Respondent's office to investigate his failure to file and pay federal income taxes. The Respondent fully cooperated with the investigation by the IRS. During the investigation, the Respondent provided various financial documents to the IRS.

"3. On October 3, 2007, the Respondent filed tax returns for 1994 through 2001. According to records from the IRS, the Respondent['s] tax liability and the total amount owing for each of those years is as follows:

| Tax Year | Tax Liability | Taxes, Penalties & Interest |
|----------|---------------|------------------------------|
| 1994 | $93,725.00 | $320,222.10 |
| 1995 | $52,735.00 | $162,805.92 |
| 1996 | $46,707.00 | $136,193.76 |
| 1997 | $32,745.00 | $88,179.20 |
| 1998 | $48,721.00 | $116,034.50 |
| 1999 | $53,313.00 | $53,313.00 |
| 2000 | $24,335.00 | $24,335.00 |
| 2001 | $30,917.00 | $30,917.00 |

"4. Additionally, the Respondent continues to owe taxes for 2002 and 2006, as follows:

| Tax Year | Tax Liability |
|----------|---------------|
| 2002 | $2,986.00 |
| 2006 | $10,000.00 |

"5. As a result, the Respondent owes past due federal taxes in the amount of $396,184.00 and past due federal taxes, penalties, and interest in the amount of $1,073,503.58. Further, as of January 11, 2008, the Respondent owes $52,729.62 to the State of Kansas in past due state income taxes, penalties, and interest.

"6. On March 25, 2005, the United States Attorney charged the Respondent in a one count Information with knowingly and willfully failing to file a tax return in the year 2001 [in violation of] 26 U.S.C. § 7203.

"7. On June 7, 2005, the Respondent entered a plea of guilty to the offense charged in the Information. Thereafter, on August 17, 2005, the Court sentenced the Respondent to three years probation. The Respondent remains on probation.

### "CONCLUSIONS OF LAW

"1. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 8.4(b), as detailed below.

"2. 'It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' KRPC 8.4(b) [2007 Kan. Ct. R. Annot. 559]. In this case, the Respondent admitted he committed criminal acts, specifically he failed to file and pay his taxes for eight years. As a result of his criminal conduct, the Respondent was convicted of a misdemeanor crime, failing to file a tax return. Accordingly, the Hearing Panel concludes that the Respondent committed criminal acts and those criminal acts reflect directly on the Respondent's fitness in other respects, in violation of KRPC 8.4(b).

### "AMERICAN BAR ASSOCIATION
### STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing

Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to the profession to maintain personal integrity.

"*Mental State.* The Respondent intentionally violated his duty.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to the legal profession.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Dishonest or Selfish Motive. The Respondent's motive to engage in the misconduct was motivated by selfishness. While the Respondent testified that he did not have sufficient funds to pay his taxes, he certainly had sufficient funds at the time he made the income to set aside an appropriate amount to be used to pay his taxes.

"A Pattern of Misconduct. The Respondent failed to file and pay federal taxes for eight tax years. Accordingly, the Respondent engaged in a pattern of misconduct.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1975. The Respondent's misconduct spanned a period of 8 years. At the time the Respondent's misconduct commenced, he had been practicing law for a period of 19 years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Indifference to Making Restitution. To date, the Respondent has made no effort to make restitution to the IRS for the outstanding tax liability, interest and penalties.

"Illegal Conduct, Including that Involving the Use of Controlled Substances. The Respondent engaged in illegal conduct. For a period of eight years, he failed to file and pay taxes. In 2005, he was convicted of a misdemeanor charge of failing to file a federal tax return.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Prior Disciplinary Record. The Respondent has not previously been disciplined.

"Personal or Emotional Problems if Such Misfortunes have Contributed to a Violation of the Kansas Rules of Professional Conduct. The Respondent suffers from serious mental illnesses. Specifically, the Respondent has been diagnosed with depression and adult attention deficit disorder. As a result of the Respon-

dent's mental health he was unable to maintain appropriate control over his family's household budget. Since 2003, the Respondent has changed his personal situation, which significantly contributed to the violation. He has divorced, has remarried, and has moved from Wichita to Arkansas. His mental illness is under control, and his ability to practice law is not impaired.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. The Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct.

"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney. The Respondent has been an active and productive member of the bar in Wichita, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation as evidenced by several letters received by the Hearing Panel.

"Imposition of Other Penalties or Sanctions. The IRS has added financial penalties to the tax liability.

"Remorse. At the hearing on the Formal Complaint, the Respondent expressed genuine remorse.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system. Standard 7.2.

'Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system. Standard 7.3.'

## "RECOMMENDATION

"The Disciplinary Administrator recommended that the Respondent be suspended from the practice of law for a period of six months. The Respondent recommended that he be censured by the Court.

"Failing to file and pay taxes for eight years reflects adversely on the Respondent's fitness to practice law. However, it does not rise to the level of seriously reflecting on his fitness to practice law. The Hearing Panel notes that the Respondent's misconduct did not cause an adverse impact on any clients.

"Recently, the Court has decided a number of cases wherein the Respondents failed to file and/or pay their taxes. In *In re Brunton*, [282 Kan. 423, 144 P.3d 606 (2006)], the Respondent was placed on probation after failing to file and pay taxes for a period of three years. In that case, Mr. Brunton also engaged in misconduct involving clients. Further, the Respondent had previously failed to file and pay taxes for three earlier years. In this case, the Respondent's misconduct was limited to failing to file and pay his state and federal income taxes. While the

Hearing Panel finds this misconduct to be serious, in light of the persuasive mitigating facts, it concludes that a suspension from the practice of law is not warranted. Thus, the Hearing Panel unanimously recommends that the Respondent be censured by the Kansas Supreme Court."

The respondent elected not to file any exceptions to the final hearing report of the panel. Thus, the respondent admits the allegations of the complaint. Supreme Court Rule 212(c) (2007 Kan. Ct. R. Annot. 317). This court also finds that the allegations in the disciplinary complaint against the respondent have been established by clear and convincing evidence, and the court adopts the findings of the hearing panel.

The Disciplinary Administrator recommended to the panel that the respondent be suspended from the practice of law in Kansas for a period of 6 months. Although the panel recognized that the respondent's conduct was serious, it also concluded on the basis of persuasive mitigating factors that published censure rather than suspension was the more appropriate sanction in the respondent's case.

We note that the recommendation of the hearing panel with regard to sanctions is not binding on this court. Rule 212(f); see *In re Pittman*, 285 Kan. 1133, 1141, 179 P.3d 404 (2008). The appropriate sanction in disciplinary cases is a matter left to the sound discretion of this court. See *In re Dennis*, 286 Kan. 708, 737-38, 188 P.3d 1 (2008).

In making its recommendation, the panel cited our recent disciplinary case of *In re Brunton*, 282 Kan. 423, 144 P.3d 606 (2006), to support its recommendation that the respondent be sanctioned by published censure. *Brunton* involved the failure to file and pay federal and state income tax returns for a period of 3 years, as well as misconduct in the representation of a client in a bankruptcy proceeding. See 282 Kan. at 424-26. At the time of the final hearing in *Brunton*, the respondent had paid all of the sanctions resulting from the bankruptcy representation and owed approximately $80,000 in back taxes. 282 Kan. at 425-26. The panel recommended that the respondent in *Brunton* receive published censure and be required to meet several conditions, including paying his back taxes and securing professional help for his depression and

illegal substance abuse; if the respondent did not meet these conditions, the panel recommended a discipline of indefinite suspension. 282 Kan. at 429.

At the time of the hearing before this court in *Brunton*, the respondent in that case had taken substantial steps to comply with the conditions set forth by the panel. A majority of this court concluded that given the respondent's efforts to comply with these conditions, it would suspend any additional discipline for a period of 2 years subject to the respondent's continued compliance with the panel's conditions. These conditions included (1) weekly sessions with a mental health professional; (2) the forwarding of quarterly written reports from the mental health professional regarding the respondent's compliance and improvement; (3) written documentation that the respondent has paid the remaining balance of taxes, fees, and interest owed from the offending tax years; (4) periodic reports to the Disciplinary Administrator that the respondent continued to pay his taxes; and (5) submission to random urinalysis to confirm that the respondent had not resumed use of illegal substances. A minority of the court would have imposed a 6-month suspension immediately. 282 Kan. at 430-32.

The panel in this case noted that *Brunton* involved other violations by the respondent involving representation of clients. The panel therefore distinguished *Brunton* from this case, concluding that the respondent's conduct here did not affect his practice of law. For this reason and other mitigating factors, the panel concluded that published censure would be an appropriate discipline for the respondent.

During argument, counsel for the respondent argued that *Brunton* is not the only case where this court has imposed published censure rather than suspensions for failure to file income taxes. See *In re Materi*, 224 Kan. 615, 584 P.2d 1254 (1978) (failure to file income taxes during 1 year; public censure imposed); *In re Brunk*, 197 Kan. 649, 418 P.2d 136 (1966) (failure to file income taxes during 1 year; published censure imposed); *In re Mellor*, 197 Kan. 639, 418 P.2d 141 (1966) (failure to file income taxes during 1 year; published censure imposed).

The current disciplinary case is the fourth in the past several months that has come before this court involving the failure to file income taxes. *In re Sheahon*, 286 Kan. 274, 182 P.3d 1263 (2008) (violation of Rule 8.4[b] for failure to file federal and state income taxes for 7 years and for filing incomplete income tax returns in 4 additional years, leading to a tax liability of over $200,000; indefinite suspension imposed); *In re Lovelace*, 286 Kan. 266, 182 P.3d 1244 (2008) (violation of Rule 8.4[b] for failure to file and pay income taxes in 5 years and failure to pay income taxes in 2 additional years, leading to a tax liability of approximately $250,000; indefinite suspension imposed); *In re Brooks*, 285 Kan. 794, 175 P.3d 256 (2008) (violation of Rule 8.4 [b] for failure to file federal income taxes during 1 tax year, leading to a tax liability of $29,198; published censure imposed). These recent cases indicate that the court is less willing to impose published censure for cases where respondents have repeatedly failed to pay their taxes and/or owe a significant amount in tax liability.

The sanctions imposed for violation of disciplinary rules regarding the practice of law in Kansas are imposed by this court based upon considerations of the clear and convincing evidence establishing the violations, the nature of the violations, the existing aggravating and mitigating factors as set forth in the final hearing report, exhibits submitted into evidence regarding mitigation and aggravation, oral argument before this court, and the respondent's statements, if any, to this court upon final hearing. Imposition of sanctions is within the discretion of this court and largely based upon the unique factors present in the case being considered. See *Dennis*, 286 Kan. at 737-38.

Some effort is made by this court to be consistent with past cases involving similar violations. However, each case must be judged on its unique facts, including this court's consideration of the good of the legal profession, the protection of the citizens of this state, and the good of the respondent, together with other matters set forth in mitigation and aggravation in the final hearing report. Thus, while prior cases may have some effect on the decision of this court with reference to sanctions imposed, the outcomes of prior decisions must give way to this court's consideration of the unique

circumstances presented in an individual case. *Dennis*, 286 Kan. at 737-38.

We note that the respondent has presented mitigating circumstances both to the panel and to this court which we have considered, including the fact that the respondent has had no previous violations of the KRPC's prior to his present violation. We also recognize that no evidence was presented that this case has had a material impact on the respondent's clients during his practice of law. Yet the respondent's misconduct extended over a period of 8 years—resulting in back taxes, fees, and interest of over $1,000,000—and resulted in a criminal conviction. We further note that, contrary to the panel's findings, the respondent's violation has caused actual harm to the legal profession in that his violation resulted from intentional disregard for the laws governing federal and state taxation.

In this case, the Disciplinary Administrator recommended sanction of a 6-month suspension from the practice of law in Kansas. We find that the respondent's intentional misconduct over a period of some 8 years, contrary to the recommendation of the hearing panel, seriously reflects on his fitness to practice law. In consideration of the entire record and the arguments before this court, a majority of this court concludes that suspension from the practice of law in Kansas for a period of 6 months is an appropriate sanction. A minority of this court would impose a greater sanction.

IT IS THEREFORE ORDERED that the respondent, Andrew E. Busch, be and he is hereby suspended for 6 months from the practice of law in the state of Kansas, effective on the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2007 Kan. Ct. R. Annot. 261).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs herein be assessed to the respondent.